**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
<u>TAMPA DIVISION</u>**

**GENO BAKER,**

                                                                     **Case No.: 8:07-cv-1120-T-23TGW**

    **Plaintiff,**

**vs.**

**CITY OF SAFETY HARBOR,**

    **Defendant,**

_____/

**<u>PLAINTIFF'S MOTION AND MEMORANDUM OF LAW
TO TAX ATTORNEYS FEES, COSTS AND EXPENSES</u>**

COMES NOW, Plaintiff, GENO BAKER, by and through his undersigned counsel and requests that this Court enter a judgment for attorneys fees, costs and expenses against Defendant, CITY OF SAFETY HARBOR, pursuant to Title VII and the Florida Civil Rights Act and states in support thereof as follows:

**<u>ENTITLEMENT TO FEES, COSTS AND EXPENSES</u>**

On or about October 31, 2006, Plaintiff retained undersigned counsel for representation related to an employment claim against the Defendant. The case was litigated and defended by a defendant with resources far superior to that of the Plaintiff.

On September 25, 2008, almost two years after retaining undersigned counsel, the jury found in favor of the Plaintiff and awarded him damages. Thus, Plaintiff is the prevailing party in this litigation. As the prevailing party, Plaintiff is entitled to an award of attorney's fees, costs and expenses under Title VII and the Florida Civil Rights Act.

In addition, undersigned counsel simultaneously files the affidavits of the attorneys who worked on the case in support of the motion. The affidavit illustrates the number of hours reasonably

spent in prosecuting the case as well as the costs and expenses expended during the litigation. Counsel for Plaintiff is also filing the affidavit of Matthew Fenton, Esquire in support of the Motion for Attorney's Fees and Costs. Mr. Fenton is an experienced, successful, well respected Board Certified Labor and Employment Attorney. Mr. Fenton considered the hours reasonably spent and an appropriate hourly rate.

## DETERMINATION OF ATTORNEYS' FEES

Plaintiff filed employment claims under the Florida Civil Rights Act of 1964, Title VII and § 1981. Florida Statute Section 760.11(5), specifically states that "[i]n any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." The subsection goes on to say, "[i]t is it the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." § 760.11(5), Fla. Stat. (1992). The foregoing provision has been held to "clearly and unambiguously require" that Florida courts conform their rulings respecting the award of attorney's fees under the Florida Civil Rights Act to federal case law interpretations of Title VII attorney's fees actions. *Winn-Dixie Stores, Inc. v. Reddick,* 954 So.2d 723 (Fla. 1st DCA 2007).

Title VII is interpreted broadly since it is remedial in nature and facilitates private enforcement of a civil right. *Williams v. City of Fairburn* 702 F. 2d 973 (11th Cir. 1983). Although awarding attorney's fees is within the discretion of the trial court, such discretion is a narrow one in that attorney's fees should be denied only when special circumstances would render an award unjust. *Solomon v. City of Gainesville,* 796 F. 2d 1464 , 1466(11th Cir. 1986).

The Court's evaluation of the motion for an award of attorney's fees involves three steps. First, the Court determines whether Plaintiff is the prevailing party. Second, the Court must calculate the lodestar – the number of reasonable hours spent working on the case multiplied by a reasonable

2

hourly rate.1 Finally, the Court must determine whether an adjustment to the lodestar is necessary. *See Dillard v. City of Greensboro,* 213 F.3d 1347, 1353 (11th Cir. 2000). *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994)("This 'lodestar' may then be adjusted for the results obtained.").

The affidavits filed simultaneously herewith from Angela E. Outten, Tyrone Zdravko and Matthew Fenton adequately present evidence of the above-stated factors.

### A.     Prevailing Party

Plaintiff's counsel should be awarded all of the fees earned in prosecuting this litigation. No deduction should be made for fees expended on counts which were not determined by the jury.

The Supreme Court has cautioned that cases where it is reasonably possible to separate hours spent on winning claims from hours spent on losing claims are the exception rather than the rule. *Smith v. Robinson*, 486 U.S. 992, 1006 (1984) ("[I]n most cases, there is no clear line between hours of work that contributed to a plaintiff's success and those that did not.")

When the fee applicant has won some claims, but not others, the courts will consider the extent to which the hours claimed were related to the claim(s) on which the plaintiff ultimately prevailed. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In *Hensley*, the Supreme Court changed the axis of inquiry from successful-unsuccessful to related-unrelated. *Lenard v. Argento*, 808 F.2d 1242, 1245 (7th Cir. 1987). *accord*, *Goos v. Natl Assn of Realtors*, 997 F.2d 1565 (D.C. Cir. 1993); *Palmer v. Barry*, 704 F. Supp. 296, 298 (D. D.C. 1989). As the Supreme Court explained,

> In other cases the plaintiffs claims for relief will involve a common core

---

1 Under *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the reasonable attorneys' fees recoverable by Plaintiff should be determined by multiplying the reasonable number of hours expended by his attorney to successfully litigate this action by the reasonable hourly rate for this attorney, a method referred to as "lodestar".

> of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the District Court should focus on the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S., at 435. *accord*, *Lenard*, 808 F.2d, at 1245.

The Eleventh Circuit has established standards to determine whether a particular unsuccessful claim shares "a common core of facts" with the successful claim or is based on an "unrelated legal theory." In *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir. 1984), a multi-claim employment discrimination case, the court found that if the facts developed in the context of the unsuccessful claims "were also probative" (738 F.2d at 1137) of the successful claim, then the time expended on the unsuccessful issues should be compensated. *Foster v. Board of School Commissioners*, 810 F. 2d 1021, 1023-4 (11th Cir. ) *cert. den.*, 484 U.S. (1987) (limited reduction of fees for time spent on claims of unsuccessful plaintiffs in class action because "most of the attorney hours were spent on general research and investigation applicable to all claims" evidence adduced in unsuccessful claims contributed to victorious claim); *Afro-American Patrolman's League v. Atlanta*, 817 F.2d 719, 725-6 (11th Cir. 1987) (interrelated issues of validity of promotional exam and legality of city's abandonment of promotion procedure in Title VII action preclude fee reduction for unsuccessful part of case); *Goodson v. City of Atlanta*, 763 F.2d 1381, 1389-90 11th Cir. 1985)  (upholding award on hours for losing false arrest claim and winning jail conditions claim, "the court finds that a good trial lawyer would have tried to get into evidence that his client was arrested and jailed because of a mistaken identification.")

In 2008, the Eleventh Circuit reaffirmed it's position in the case of *Goldsmith v. Bagby Elevator,* 513 F.3d 1261, 1292 (11th Cir. 2008).  The *Goldsmith* Plaintifff prevailed on his discharge

claim but not on his promotion and hostile work environment claims. The Eleventh Circuit found no abuse of discretion for the trial court to award the full lodestar in this situation. In doing so, the Court revisited the definition of a prevailing party under Eleventh Circuit precedent. "To be a 'prevailing party,' it is not necessary for a plaintiff ultimately to prevail on each and every claim asserted or to receive all the relief requested;" he needs to prevail on some of his claims." *Id. citing Doe v. Busbee*, 684 F.2d 1375, 1379 (11th Cir. 1982). The Court also relied upon the language from the Supreme Court in *Hensley* cited above. In *Goldsmith,* the Court stated, "A review of the record establishes that evidence supporting Goldsmith's successful claims were inextricably intertwined with evidence supporting his unsuccessful claims, and the punitive damage award was supported by evidence underlying the unsuccessful claims. The "me too" evidence was admissible both as evidence of the intent of Bagby Elevator to retaliate against Goldsmith and as evidence of Goldsmith's hostile work environment claim. The evidence regarding Goldsmith's failure to promote claim provided the basis for Goldsmith's first EEOC charge, which was in turn necessary for Goldsmith to prove his claim of retaliation. The evidence regarding the EEOC investigation and cause determination supported all of Goldsmith's claims. Because Goldsmith's successful claims were related to his unsuccessful claims and he "won substantial relief," we conclude that the refusal of the district court to reduce the amount of attorney's fees and costs was not an abuse of discretion." *Id.* Likewise, Baker's individual allegations regarding his employment were interrelated and his success on the hostile environment claim equates to "substantial relief" sought in this matter.

### B. Determination of the Reasonable Hourly Rate

The Court should award an hourly rate of $325.00 to Plaintiff's counsel, Angela Outten and $275.00 to Tyrone Zdravko. The best evidence of the rates customarily charged in similar litigation is the non contingency hourly billing rates of Plaintiff's attorneys. *See Blum v.*

*Stenson,* 465 U.S. 886, 896 n. 11 (1984)(rate typically charged in private non-contingent representation "[a]ffords relevant comparison."). The qualifications and experience of trial counsel are detailed in their affidavits.

The customary fee for counsel representing Plaintiff's in employment discrimination matters such as this depends on the experience and skill level of the involved attorneys. There are very few law firms in the Tampa Bay Area that take employment litigation law matters on a full contingency fee basis.

Plaintiff will present evidence that the hourly fee requested herein is "the rate charged in the community by lawyers of reasonably comparable skill, experience, and reputation for similar services." In 2007, undersigned counsel had her reasonable hourly fee judicially determined in an employment matter by Circuit Court Stephen R. Rushing in Hernando County, Brooksville, Florida in the matter of *Margaret Lemmons v. Overstreet Paving Company, et al., Circuit Civil No: H27-CA-2004 1123.* Judge Rushing found undersigned's reasonable hourly fee to be $325.00 in a community wherein the average hourly rate is likely far less than a city such as Tampa, Florida . Likewise, in two separate employment arbitration awards in 2007, undersigned was awarded an hourly rate of $325.00.

Undersigned counsel remains one of a very limited number of lawyers in the Tampa Bay Area who practice employment law on behalf of employees and hold the distinction of being Board Certified in Labor and Employment Law. In *Rowe,* the Florida Supreme Court recognized the economic reality that attorneys who work on a contingency fee basis only receive compensation when they prevail, and thus must charge a higher fee than if they had been guaranteed an hourly rate. *Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145, 1151 (Fla. 1985).

Plaintiffs' expert, Matthew Fenton, has detailed his opinion as to the reasonable hourly rate for Angela E. Outten, Esquire to be $325.00 (Three hundred twenty-five dollars) per hour and Tyrone Zdravko, Esquire to be $275.00 (Two hundred seventy-five dollars) per hour.

**C.      Time and Labor Required.**

"All reasonable expenses and hours incurred in case preparation, during the course of the litigation, or as an aspect of settlement of the case may be taxed as costs." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

Exhibit "B" to Angela Outten's Affidavit is an itemization of the time counsel and legal assistant spent litigating, preparing for trial and trying the case. As the affidavits illustrate, this case consumed a significant number of hours. Plaintiff also presents the expert testimony of Matthew Fenton, Esq. via declaration that the time spent litigating and preparing the case was reasonable.

As to the work performed, compensable activities including pre-litigation services in exhaustion of administrative remedies, background research and reading in complex cases, productive attorneys discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorneys' fees. *City of Riverside v. Rivera,* 477 U. S. 561, 573 n. 6, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (allowing compensation for productive attorney discussions and strategy conferences); *Webb v. Board of Ed.,* 471 U.S. 234, 243, 105 S. Ct., 1923, 85 L. Ed. 2d 233 (1985) (allowing compensation for pre-litigation services in preparation of suit); *Cruz v. Hauck,* 762 F. 2d 1230, 1233-34 (5th cir. 1985) (holding that measures to enforce judgment are compensable); *New York State Assoc. for Retarded Children v. Carey,* 711 F. 2d 1136, 1146 & n. 5(2d Cir. 1983) (allowing compensation for background research and reading

in complex cases); *Brewster v. Dukakis*, 544 F. Supp. 1069, 1079 (D. Mass. 1982) (compensating for negotiation sessions), *Aff'd as modified,* 786 F. 2d 16, 21 (1st Cir. 1986); *In Re Agent Orange Prod. Liab. Litig.* 611 F. Supp. 1296, 1321, 1348 (E.D. N.Y. 1985) (compensating routine activities such as telephone calls or reading mail that contribute to the litigation). Reasonable travel time of the prevailing party's attorneys ordinarily is compensated on an hourly basis, although the rate may be reduced if no legal work was performed during travel. *Universal College,* 706 F. 2d at 1 208. As with attorneys' work, the hours expended by paralegals, law clerks, and other paraprofessionals are also compensable to the extent these individuals are engaged in work traditionally performed by an attorney. *Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S. Ct. 2463, 105 L. Ed 2d 229 (1989); *Ean v. Nelson*, 863 F. 2d 759, 778 (11th Cir. 1988). In short, "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988" and "the standard of reasonableness is to be given to liberal interpretation." *NAACP v. City of Evergreen,* 812 F. 2d 1332, 1337 (11th Cir. 1987) (quoting *Dowdell v. City of Apopka*, 698 F. 2d 1181, 1192 (11th Cir. 1983).

### D. The *Johnson* Factors

In *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974), the Court considered twelve factors in determining the appropriateness of an attorney's fee award:

1. The time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal service properly;
4. The preclusion of other employment by the attorney due to the acceptance of the case;

> 5. The customary fee;
> 6. Whether the fee is fixed or contingent;
> 7. Time limitations imposed by the client or the circumstances;
> 8. The amount involved and the results obtained;
> 9. The experience, reputation and ability of the attorneys;
> 10. The "undesirability" of the case;
> 11. The nature and length of the professional relationship with the client; and
> 12. Awards in similar cases.

Of these factors, several have already been discussed, including the amount of time devoted, experience of counsel, etc. and counsel refers the Court to those above.

Cases arising under employment laws deal with complex issues. Although there is a body of well-established law on the prima facie elements of these claims, issues related to evidence, which were argued in the case at bar are still being developed.

Given the foregoing legal obstacles and that Defendant denied each element of Plaintiff's causes of action, it was a given fact that litigation of the Plaintiff's claims would be necessary and trial of the cause a probability. Significant trial and litigation skills were required to adequately represent the Plaintiff in this matter.

As stated above, the instant case required for adequate prosecution a substantial number of attorney hours. As reflected by the attached affidavit of the undersigned the firm accepts a select limited number of cases to be competently handled and acceptance of the instant matter thereby precluded undersigned's work on other cases.

Given the uncertain outcome of employment discrimination cases, Plaintiff's case could reasonably be classified at it's inception as "undesirable" pursuant to the case law at issue. Undersigned spent 364.5 hours worth of time and over $ 12,846.70 dollars in costs to prosecute this matter. Had there been a defense verdict, the firm would have received nothing for the substantial amount of time and costs invested in this matter.

The majority of the discovery took place between November 2007 and February 2008. In that time frame, all depositions and discovery were required to be completed. Seventeen depositions were taken in this case. Thirteen of these were taken by Plaintiff's counsel. Significant time was also expended in legal briefing. This abbreviated schedule took up a significant amount of time for undersigned counsel. Similarly, the briefing schedule and preparation for trial took up a significant amount of time.

Plaintiff obtained a verdict of Sixty Thousand Dollars ($60,000.00) for pain and suffering damages. Plaintiff had no wage loss as a result of the harassment. This award is a significant recovery, especially given the parties' position in negotiations and the fact that Plaintiff is still employed by Defendant.

## EXPERT FEES

Plaintiff hereby requests that the Judge exercise his discretion and tax costs against the Defendant for services rendered by Plaintiffs' expert on reasonable attorney's fees, Matthew Fenton, Esq. in the amount of $1,625.00. ($ 325.00 per hour at 5 hours).

## COSTS AND EXPENSES

Finally, the Plaintiff requests entry of an order awarding all costs and expenses expended by Plaintiff in prosecuting this matter in the total sum of $ 12,846.70. For an itemization of the same see the Affidavit of Angela E. Outten, Exhibit "A".

A blanket reduction of costs under Florida law has been held to be inappropriate. *See Winn-Dixie Stores, Inc. v. Reddick*, 954 So.2d 723 (Fla. 1st DCA 2007). In doing so, *Reddick* referred to federal case law which has stated that "an award of attorney's fees in a civil rights

case should include reasonable out of pocket expenditures of the attorney beyond normal overhead. These nonstatutory costs [which are] subsumed within the reasonable attorney's fee could include compensation for postage, long distance calls, photocopying, travel, paralegals, expert witnesses, and computerized legal research." *Cappeletti Bros., Inc. v. Broward County,* 754 F.Supp. 197, 198 (S.D. Fla. 1991); *see also Allen v. Freeman,* 122 F.R.D. 589, 591 (S.D. Fla. 1988).

### FEES FOR FEES

The *Reddick* court cited hereinabove also recognized federal law which permits a party seeking entitlement to attorney's fees to receive an award for time spent establishing their entitlement to that fee. *See Johnson v. State of Missisippi,* 606 F.2d 635, 638 (5th Cir. 1979) (concluding "attorney's fees may also be awarded for time spent litigating the fee claim"); *see also Fewquay v. Page,* 907 F.2d 1046 (11th Cir. 1990). Undersigned counsel has spent 8.3 hours in review of time records, drafting an affidavit, consultation with the expert, reviewing costs and drafting this memorandum of law. As such, undersigned would request an award of $ 2,697.50 (8.3 hours x $325) for time spent in litigating the entitlement to such fees.

### SUMMARY

Wherefore, based on the law and the evidence presented in the attached affidavits, Plaintiff requests the Court to enter judgment against the Defendant for prevailing party's costs and expenses in the amount of $ 12,846.70 and attorneys fees incurred by Plaintiff through his attorneys Reeser, Rodnite, Outten & Zdravko, P.A., as follows:

| Timekeeper | Reasonable Hrs | | Reasonable Rate | | Total |
|---|---|---|---|---|---|
| Angela E. Outten | 364.5 | x | 325 | = | $ 118,462.50 |
| Tyrone Zdravko | 122.2 | x | 275 | = | $ 33,605.00 |
| Marla Short | 25.0 | x | 50 | = | $ 1,250.00 |
| | | | | | $ 153,317.50 |

11

Further, that Plaintiffs' expert, Matthew Fenton, Esq. be awarded fees in the amount of $1625.00 for his time spent in this post trial proceeding.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system this the 16 day of October 2008, which will send notice of electronic filing to: Mark E. Levitt, Esquire and Richard Pierro, Jr., Esquire, Allen, Norton & Blue, P.A., 324 S. Hyde Park Avenue #225, Tampa, FL 33606-4127.

                                          **REESER, RODNITE, OUTTEN & ZDRAVKO, P.A.**

                                          _/s Angela E. Outten_____
                                          Angela E. Outten, Esquire
                                          3411 Palm Harbor Boulevard, Ste A
                                          Palm Harbor, Florida 34683
                                          Telephone: (727) 787-5919
                                          Facsimile: (727) 777-6685
                                          Email: aoutten@rrozlaw.com
                                          FBN: 0002569
                                          Attorney for Plaintiff