UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENO BAKER,

    Plaintiff,

v.                                     CASE NO: 8:07-cv-1120-T-23TGW

CITY OF SAFETY HARBOR, FLORIDA,

    Defendant.
_____/

## **ORDER**

    Following a four-day trial, a jury returned a verdict (Doc. 96) for the plaintiff on the plaintiff's claim for a racially hostile work environment. The jury awarded the plaintiff $60,000 for pain, suffering, and mental anguish. The defendant renews (Doc. 110) the motion for judgment as a matter of law pursuant to Rule 50(b), Federal Rules of Civil Procedure, and alternatively moves for a new trial pursuant to Rule 59 or for remittitur. The plaintiff responds (Doc. 112) in opposition.

    The defendant argues that a reasonable jury could find neither that the plaintiff established a prima facie case for a racially hostile work environment nor that the defendant failed to act reasonably and promptly to correct any racially harassing behavior by the plaintiff's supervisors or co-workers. Alternatively, the defendant argues that the verdict is contrary to the great weight of the evidence.

To establish a prima facie case for hostile work environment, the plaintiff must show that "(1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was 'sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;' and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability." Cooley v. Great S. Wood Preserving, 138 F. App'x 149, 154 (11th Cir. 2005) (quoting Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). The "severe or pervasive" element of a prima facie case involves both a subjective and an objective component. "Objective severity" requires consideration of "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc).

The defendant fails to show that "the facts and inferences point [so] overwhelmingly" in favor of the defendant that a reasonable jury would have returned a verdict in favor of the defendant. See Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 n.12 (11th Cir. 2005). Although the plaintiff's evidence—if credited to the exclusion of the defendant's exculpatory evidence—rests at or near the minimum actionable level of severity or pervasiveness, the plaintiff presented direct and circumstantial evidence of both a racially charged environment and racial harassment directed at the plaintiff. The

defendant also fails to show that no reasonable juror could find that the defendant failed to act reasonably and promptly to correct any racially harassing behavior. The plaintiff presented evidence that the defendant failed to respond promptly and meaningfully to complaints of racial harassment. Given the jury's prerogative to weigh the testimony of each witness—including disregarding the entire testimony of a witness or crediting the testimony of a single witness—the defendant fails to show that no reasonable juror could return a verdict in favor of the plaintiff. Although another jury (or the judge) might have decided this case differently, the defendant's renewed motion (Doc. 110) for judgment as a matter of law is **DENIED**.

Alternatively, the defendant moves for a new trial pursuant to Rule 59, Federal Rules of Civil Procedure. A new trial is proper only if "'the verdict is against the clear weight of the evidence ... or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Ins. Co. of N. Am. v. Valente, 933 F.2d 921, 922 (11th Cir. 1991) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)). A judge may not substitute his judgment for the judgment of the jury. Consequently, entitlement to a new trial on evidentiary grounds requires the verdict to be "against the great—not merely the greater—weight of the evidence." Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984). The defendant fails to show that the verdict is contrary to the great weight of the evidence, and the defendant's motion (Doc. 110) for a new trial is **DENIED**.

Finally, the defendant moves for remittittur of the $60,000 damage award for pain and suffering. Remittitur is appropriate if "the jury's damage award exceeds the amount

established by the evidence." <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1266 (11th Cir. 2008) (quoting <u>Goldstein v. Manhattan Indus., Inc.</u>, 758 F.2d 1435, 1448 (11th Cir.1985). "The standard of review for awards of compensatory damages for intangible, emotional harms is "deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." <u>Ferrill v. Parker Group, Inc.</u>, 168 F.3d 468, 476 (11th Cir. 1999) (quoting <u>Patterson v. P.H.P. Healthcare Corp.</u>, 90 F.3d 927, 937-38 (5th Cir. 1996)).  At trial, both the plaintiff and his wife testified regarding the plaintiff's emotional distress.  The plaintiff's wife testified that his experience at work affected their marriage and altered the plaintiff's sleeping patterns.  The plaintiff sought treatment for his mental health problems, and the plaintiff's doctor testified regarding the plaintiff's emotional distress.  The defendant fails to show that the jury's compensatory damage award exceeds the amount established by the evidence.  Accordingly, the defendant's motion for remittitur is **DENIED**.

ORDERED in Tampa, Florida, on November 12, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Magistrate Judge